**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **AGHA HOLDINGS, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-2708** |
| **WORLD INSURANCE ASSOCIATES, LLC ET AL.** | **SECTION: "P" (5)** |

## ORDER AND REASONS

Before the Court is Plaintiff's Motion for Voluntary Dismissal Without Prejudice (R. Doc. 39), Defendant's Response to Plaintiff's Motion for Voluntary Dismissal Without Prejudice (R. Doc. 40), and Plaintiff's Reply in Support of Motion for Voluntary Dismissal (R. Doc. 41). Plaintiff—without opposition from Defendants—moves to dismiss this action without prejudice. The motion for dismissal follows this Court's *sua sponte* order requiring the parties to file proper Federal Rule of Civil Procedure 7.1 disclosure statements, after which it was discovered that this Court lacks subject-matter jurisdiction. Plaintiff, however, also requests attorney's fees and costs based upon the belief that one of the defendants—a limited liability company—intentionally concealed information regarding the citizenship of its members. While dismissal is clearly appropriate, this Court finds the request for attorney's fees and costs to be absolutely without merit.

### I.    Relevant Background

Plaintiff, Agha Holdings, LLC ("Agha"), initiated this action in federal court in November 2024 against Defendants, World Insurance Associates, LLC ("World

Insurance")[1] and Dustin Ritch, asserting that this Court had diversity subject-matter jurisdiction pursuant to 28 U.S.C. § 1332.[2] In its First Amended Complaint, Agha alleged that it is "a foreign limited liability company registered in the State of California" with its "primary place of business" located in Louisiana.[3] Agha also alleged that it "has a single owner/member . . . who is a citizen and resident of the state of Georgia."[4] As for World Insurance, Agha alleged that World Insurance is a "foreign limited liability company registered in New Jersey with a principal place of business" located in New Jersey.[5] Although Agha recognized that World Insurance is also a limited liability company, Agha did not acknowledge or provide information regarding any of its members.

In its Answer, World Insurance admitted that it is a foreign limited liability company registered in New Jersey with its principal place of business in New Jersey.[6] On the same day World Insurance and Ritch filed the Answer, World Insurance filed a corporate disclosure statement pursuant to Federal Rule of Civil Procedure 7.1.[7] The 7.1 disclosure statement merely stated that World Insurance is "wholly owned by WIA Holdings, LLC," which "is not a publicly traded company."[8]

Nothing further regarding the parties' citizenship or this Court's jurisdiction was filed until this Court *sua sponte* raised the issue of subject-matter jurisdiction in its order

---

[1] Plaintiff, Agha, refers to World Insurance as "WIA" in the foregoing motion and memorandum in support. Because "WIA" is used as part of another business name later in this opinion, the Court uses "World Insurance" to ensure clarity.

[2] R. Doc. 1 ¶ 4.

[3] R. Doc. 6 ¶ 1.

[4] *Id.*

[5] *Id.* ¶ 2.

[6] R. Doc. 10 ¶ 2.

[7] R. Doc. 11.

[8] *Id.*

dated October 30, 2025, which noted that the citizenship of World Insurance had never been properly alleged or disclosed.[9] The October 30th order required every party to file— or in World Insurance's situation, refile—a proper Rule 7.1 disclosure statement.[10] World Insurance then filed a Second Amended Rule 7.1 Disclosure Statement, at which time it was discovered that the ownership structure of World Insurance was comprised of several layers of limited liability companies, one of which has four individual members who are citizens of Georgia, the state of Agha's citizenship, thereby destroying diversity.[11] The present motion then followed, in which Agha seeks voluntary dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2) and attorney's fees and costs.[12] World Insurance does not oppose voluntary dismissal without prejudice but objects to an award of attorney's fees and costs.[13]

II.    **Plaintiff provides no legal basis for awarding attorney's fees, and its factual basis for an award of such fees is insufficient.**

In its memorandum in support of the foregoing motion, Agha alleges a factual explanation for its request for attorney fees but fails to provide a legal explanation. Agha explains that while voluntary dismissal without prejudice is appropriate in light of World Insurance's amended disclosure statement destroying diversity, Agha would have sought voluntary dismissal sooner had World Insurance's first disclosure statement contained

---

[9] R. Doc. 29.
[10] *Id.* at 3.
[11] R. Doc. 38.
[12] R. Doc. 39.
[13] R. Doc. 40 at 1.

accurate information.[14] The "inaccurate" 7.1 disclosure statement prejudiced Agha, Agha contends, as Agha has already completed some discovery and filed dispositive motions.[15] Agha further asserts that World Insurance's counsel advised Agha that its claims against World Insurance may be prescribed, which "demonstrates that [World Insurance] intentionally filed a non-compliant Rule 7.1 Corporate Disclosure Statement and, therefore, violated Rule 11."[16] But besides parenthetically citing Federal Rule of Civil Procedure 11, Agha provides no legal basis upon which this Court may award attorney's fees.

Although a court has inherent authority to impose sanctions, "the threshold for the use of inherent power sanctions is high" and "must be exercised with restraint and discretion."[17] "In order to impose sanctions against an attorney under its inherent power, a court must make a specific finding that the attorney acted in 'bad faith.'"[18] Besides Agha's speculative assertion that World Insurance intentionally filed an improper 7.1 disclosure statement to delay dismissal of the action, which World Insurance wholly denies,[19] the record is devoid of any evidence that World Insurance has acted in bad faith. In fact, when ordered by the Court, World Insurance dug through various organizational layers to provide a properly amended disclosure statement.[20]

---

[14] R. Doc. 39-1 ¶¶ 11, 12.

[15] *Id.* ¶ 13.

[16] *Id.* ¶ 9.

[17] *Chaves v. M/V Medina Star*, 47 F.3d 153, 156 (5th Cir. 1995) (first citing *Reed v. Iowa Marine & Repair Corp.*, 16 F.3d 82 (5th Cir. 1994); then quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991); and then citing *Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1406–07 (5th Cir. 1993)).

[18] *Chaves*, 47 F.3d at 156 (first citing *Resol. Tr. Corp. v. Bright*, 6 F.3d 336, 340 (5th Cir. 1993); and then citing *Matter of Thalheim*, 853 F.2d 383, 389 (5th Cir. 1988)).

[19] R. Doc. 40 ¶ 2.

[20] R. Doc. 38.

Further, the plaintiff, as the party asserting federal subject matter jurisdiction, bears the burden of establishing that subject matter jurisdiction exists.[21] In its memorandum in support of the motion, Agha claims that "[p]rior to filing suit," "various publicly available records" demonstrated that World Insurance was a "New Jersey limited liability company owned by World Holdings, LLC which has two members . . . ."[22] But Agha never mentioned World Holdings' alleged two members in either of Agha's complaints as required by the citizenship test for limited liability companies.[23] Instead, Agha referenced World Insurance's state of registration and principal place of business,[24] which the United States Court of Appeals for the Fifth Circuit has made clear is not the citizenship test for limited liability companies.[25]

Additionally, Agha claims that World Insurance's original 7.1 disclosure statement "advised" that World Insurance was a "New Jersey limited liability company with New Jersey citizenship that was owned by World Holdings, LLC," but World Insurance's original disclosure statement fails to mention a state at all, much less New Jersey.[26] Moreso, as World Insurance notes in its response, World Insurance's original 7.1 disclosure statement states that World Insurance was owned by **WIA** Holdings, LLC—*not* **World**

---

[21] *See Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (first citing *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984); and then citing 1 J. Moore, Moore's Federal Practice § 0.71[5.–1] (1996)) ("[T]here is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court.").

[22] R. Doc. 39-1 ¶ 1.

[23] *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (citations omitted) ("[L]ike limited partnerships and other unincorporated associations or entities, the citizenship of a LLC is determined by the citizenship of all of its members.").

[24] R. Doc. 1 ¶ 2; R. Doc. 6 ¶ 2.

[25] *See Cadence Bank v. Johnson*, 160 F.4th 197, 202 (5th Cir. 2025) ("For LLCs, citizenship is based on 'the citizenship of all of its members.' And for corporations, citizenship is based on a corporation's state of incorporation and principal place of business." (internal citations omitted)).

[26] R. Doc. 40 ¶ 2(a) (citing R. Doc. 11).

Holdings, LLC, the name Agha contends was provided by "various publicly available records."[27] Thus, upon seeing the discrepancy in the name of the owner-LLC and the failure to identify WIA Holdings's members, Agha could have—and should have—challenged the sufficiency of World Insurance's original disclosure. But Agha never did so.

While "[a] party suing an LLC may not have all the information it needs to plead the LLC's citizenship" and thus may plead on information and belief,[28] Agha's failure was not a lack of or incorrect information like it alleges. Instead, Agha's failure was a legal misunderstanding. How then can the Court blame World Insurance for failing to follow the applicable law in filing its original 7.1 disclosure statement, when Agha, whose own burden it was to properly plead diversity jurisdiction, has failed to follow the applicable law as well?

### III.    Plaintiff's proposal that the Court sanction Defendants under Rule 11 is similarly baseless.

In its reply and parenthetically in its memorandum in support of the motion, Agha appears to base its request for attorney's fees as part of a request for sanctions under Federal Rule of Civil Procedure 11.[29] But Agha admits that it has not moved for sanctions; instead, Agha proposes that this Court *sua sponte* impose sanctions on World Insurance under Rule 11(c)(3).[30]

---

[27] R. Doc. 40 ¶ 2(b); R. Doc. 11.
[28] FED. R. CIV. P. 7.1(a)(2) advisory committee's note to 2022 amendment.
[29] R. Doc. 41.
[30] *Id.* at 3.

Although the Fifth Circuit suggests that a "district court has jurisdiction to impose Rule 11 sanctions regardless of the existence of subject-matter jurisdiction,"[31] Agha's argument for Rule 11 sanctions on the Court's own initiative fails for several reasons.

First, in its quest for attorney's fees, Agha makes clear that it did not move for sanctions. An award of attorney's fees and other expenses is allowed "*only* 'if imposed on motion.'"[32] "[W]here sanctions are imposed under Rule 11[] by a district court on its own initiative . . . the award of attorney's fees . . . [does not] constitute a valid sanction."[33] Therefore, even if this Court were to impose sanctions of its own initiative—like Agha suggests—the Court could not award Agha the attorney's fees and costs it seeks.

Second, in support of its request, Agha cites *Carr v. IF&P Holding Company, LLC*, where, Agha claims, Magistrate Judge Donna Currault sanctioned a defendant for failing to disclose a limited liability company's membership in contravention of a discovery order.[34] But that opinion is distinguishable in several respects and is, therefore, not applicable here.

In *Carr*, after the Court had raised the issue of diversity subject matter jurisdiction *sua sponte* because the plaintiff—like here—had failed to adequately plead diversity jurisdiction, the plaintiff attempted to conduct jurisdictional discovery, to which the limited-liability-company defendants provided insufficient disclosure and discovery

---

[31] *Modelist v. Miller*, 445 F. App'x 737, 740 n.2 (5th Cir. 2011) (per curiam) (citing *Willy v. Coastal Corp.*, 503 U.S. 131, 137–39 (1992)).

[32] *Marlin v. Moody Nat. Bank, N.A.*, 533 F.3d 374, 379 (5th Cir. 2008) (first citing FED. R. CIV. P. 11(c)(4) (emphasis added); and then citing *Thornton v. Gen. Motors Corp.*, 136 F.3d 450, 455 (5th Cir. 1998)).

[33] *Thornton*, 136 F.3d at 455.

[34] R. Doc. 41 at 2.

responses.[35] During this discovery, the defendants submitted *at least three* deficient disclosure statements, continuously failing to disclose the identity and citizenship of their members, even after being ordered by the court to amend the disclosure statements.[36] It was only then that Judge Currault sanctioned the defendants. Most significantly, though, she sanctioned the defendants—not for originally filing an insufficient 7.1 disclosure statement—but for failing to comply with the Court's order, which required compliance with Rule 7.1.[37] In other words, the sanction was in response to violation of a court's order—not merely for filing an insufficient disclosure statement.

The situation here is not that of *Carr*. Here, the plaintiff, Agha, appears to have never attempted to conduct jurisdictional discovery to which the defendants refused to comply. But most distinguishably, the defendant, World Insurance, never failed to comply with this Court's order. In fact, its amended disclosure statement shows that World Insurance *did* comply with this Court's order. Additionally, the basis for the sanctions imposed in *Carr* was Rule 37 and the court's inherent authority—not Rule 11. And even if *Carr* did somehow apply here, *Carr* is only persuasive, not precedential.

Finally, sanctions may be imposed under Rule 11 if one of the four grounds in 11(b) is violated. The grounds applicable here—and the one on which Agha appears to stake its Rule 11 claim for sanctions—on a paper "not being presented for any improper purpose,

---

[35] *Carr v. IF&P Holding Co., LLC*, No. CV 22-480, 2024 WL 2207487, at *1–2 (E.D. La. May 16, 2024), *report and recommendation adopted,* No. CV 22-480, 2024 WL 3385184 (E.D. La. June 5, 2024).

[36] *Id.*

[37] *Id.* at *6–7. This is only further evidenced by the fact that the sanctions in *Carr* were imposed, at least in part, under Federal Rule of Civil Procedure 37, which specifically provides sanctions for failing to comply with a court order. *Id.*

such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation[.]"[38] Agha essentially asserts that World Insurance intentionally concealed the identity and citizenship of its owner for an improper purpose: "to obtain an unjust advantage by allowing it to raise subject matter jurisdiction after prescription has expired."[39] But World Insurance wholly denies this and the allegation that World Insurance stated that it did not have to provide an accurate Rule 7.1 statement, and there is no evidence in the record that this was World Insurance's motive.[40] Instead, World Insurance claims that the deficient statement was inadvertent, and World Insurance's first amended 7.1 disclosure statement that complies with this Court's order only supports that claim.[41] Moreso, as World Insurance points out, while World Insurance may have originally filed a deficient 7.1 disclosure statement, Agha did not file one at all until ordered to do so by the Court in its October 30th order.[42] It would be absurd then for this Court to find filing a single deficient 7.1 disclosure statement violative of Rule 11 when Agha initially completely failed to follow Rule 7.1 by filing nothing at all.

## IV. Regardless of the motion, lack of subject matter jurisdiction is a mandatory ground for dismissal where attorney's fees are generally not available.

Although Agha purports to seek a *voluntary* dismissal, Agha's ground for dismissal—lack of subject matter jurisdiction—*demands* dismissal, whether consented to by the parties or not. Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court

---

[38] FED. R. CIV. P. 11(b)(1).
[39] R. Doc. 41 at 3.
[40] R. Doc. 40 ¶ 2 n.1.
[41] *Id.* ¶ 2.
[42] *Id.* ¶ 2(f).

determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action."[43] Therefore, regardless of the motion, dismissal is not voluntary. Instead, it is mandatory on the court under Rule 12, which has significant implications here: While Rule 41(a)(2) grants the court authority to dismiss an action at the plaintiff's request "on terms that the court considers proper," terms which may include attorney's fees, a court dismissing an action based on a lack of subject-matter jurisdiction is permitted to order only the payment of "just costs."[44] "[S]uch 'costs' do not include attorney's fees and the district court may not condition the dismissal upon payment thereof, by reason of the general rule that attorney's fees are not allowable unless expressly authorized."[45]Although certain limited exceptional circumstances may permit the award of attorney's fees as sanctions "under the inherent equitable powers of a court," the only exceptional circumstance that may apply here is where the party has acted "in bad faith, vexatiously, wantonly, or for oppressive reasons," which, as discussed above, the Court has already found does not apply.[46]

## V.     Conclusion

Although both parties appear to have wasted time and resources litigating this action, Agha cannot blame World Insurance for Agha's own misunderstanding of the facts

---

[43] (emphasis added).

[44] 28 U.S.C. § 1919.

[45] *Wilkinson v. D.M. Weatherly Co.*, 655 F.2d 47, 49 (5th Cir. 1981) (internal citations omitted) (finding probable that district court's award of attorney's fees was based on an "erroneous conclusion that a mandatory dismissal for want of federal jurisdiction could be conditioned on such terms as the court felt proper, as in usual Rule 41 discretionary voluntary dismissals").

[46] *Id.* (omitting citations).

10

and the law, especially when the onus is on the plaintiff, as the party that chose the federal forum, to establish federal jurisdiction. Accordingly, and for the reasons stated above,

**IT IS ORDERED** that Plaintiff's Motion for Voluntary Dismissal Without Prejudice (R. Doc. 39) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 12(h), all claims by Plaintiff, Agha Holdings, LLC, against Defendants, World Insurance Associates, LLC, and Dustin Ritch, are hereby **DISMISSED WITHOUT PREJUDICE**, **with each party to bear its own costs and attorney's fees**. That is, Plaintiff's request for attorney's fees and costs (R. Doc. 39) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Stay (R. Doc. 17) is **DENIED AS MOOT**.

New Orleans, Louisiana, this 24th day of March 2026.

_____
**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**